TOWN OF QUEENSBURY, Respondent, *v.* HUDSON VALLEY RAILWAY COMPANY, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN BLACKBURN, as Commissioner of Highways of the Town of Moreau, Respondent, *v.* HUDSON VALLEY RAILWAY COMPANY, Appellant.

Appeal — Appellate Division should make definite and regular new findings upon reversal on question of fact.

While a provision in an order of modification by the Appellate Division adjudging a conclusion of fact may be accepted by the Court of Appeals as equivalent to a reversal of an old and the making of a new finding under section 1338 of the Code of Civil

Procedure, such method is liable to be productive of confusion and uncertainty in the consideration of appeals by this court and definite and regular findings would be more satisfactory.

*Town of Queensbury* v. *Hudson Valley Ry. Co.*, 158 App. Div. 258, affirmed.

*People ex rel. Blackburn* v. *Hudson Valley Ry. Co.*, 158 App. Div. 258, affirmed.

(Argued April 20, 1916; decided May 9, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 28, 1913, modifying and affirming as modified a judgment of Special Term among other things apportioning the expense of repairs to a bridge between the defendant and the several towns.

*Lewis E. Carr* and *James McPhillips* for appellant.

*J. H. Barker* for Town of Queensbury, respondent.

*William S. Ostrander* for Commissioner of Highways of Town of Moreau, respondent.

*Per Curiam.* The town of Queensbury commenced this action in the Supreme Court to procure a judgment directing the removal of the tracks of the defendant from a bridge crossing the Hudson river connecting the town of Queensbury in Warren county and the town of Moreau in the county of Saratoga, and enjoining defendant from running or operating its cars over and upon the bridge. The town of Moreau through the commissioner of highways instituted a proceeding to secure a peremptory writ of mandamus requiring the defendant to remove its tracks from the bridge in question. Pending the action and proceeding, the railway company defendant entered into a stipulation with the respondents that it would make the necessary repairs upon the bridge in question, and the questions at issue between the parties should be determined in the action and proceeding. The railway company made the repairs at an expense of $10,294.11. Upon the trial of the action and proceeding

the court made an apportionment of the expenses of such repairs between the railway company and the two towns. The towns appealed to the Appellate Division and that court reversed the determination, and in the order provided as follows:

"Adjudged, that the repairs made to the said bridge by the Hudson Valley Railway Company in the year 1907 according to the plans and specifications prepared by said Charles F. Stowell and under the stipulation between the parties hereto, dated August 10th, 1907, were rendered necessary solely by the use to which said bridge was put by the said Hudson Valley Railway Company, * * *

"Adjudged, that the said Hudson Valley Railway Company is not entitled to recover from either the Town of Queensbury or the Town of Moreau any portion of the expense of said repairs, * * *."

In order to modify the judgment made by the Special Term as it did, it was incumbent upon the Appellate Division under the provisions of section 1338 of the Code of Civil Procedure not only to reverse findings made by the trial court but also to make some new findings. The only attempt to comply with these requirements is found in the first paragraph of the provisions above quoted, where it is " *adjudged* that the repairs * * * were rendered necessary solely by the use to which said bridge was put by the Hudson Valley Railway Company."

While we have concluded on this appeal to accept this provision as being equivalent to a reversal of the old finding and the making of a new finding by the Appellate Division under said section of the Code, we feel compelled to express the opinion that such method is liable to be productive of confusion and uncertainty in the consideration of appeals by this court, and that definite and regular findings would be more satisfactory.

The judgment should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ., concur.

Judgment affirmed.